SAMUEL C. DARKS, PLAINTIFF, v. MICHAEL WALDY, DEFENDANT.

Submitted December 8, 1922—Decided February 28, 1923.

**Motor Vehicles—Contracts for Repair—Liability for Injury to Car While Repairing.**

On defendant's rule to show cause why a verdict in favor of the plaintiff should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *J. Emil Walscheid* (*Dippel & Davis* on the brief).

*Contra, Levitan & Levitan* (*Abraham Levitan* on the brief).

PER CURIAM.

This is defendant's rule to show cause why a verdict in favor of the plaintiff for $712 should not be set aside.

Plaintiff owned an automobile. Defendant was an automobile repair man. Plaintiff's case was that he engaged

defendant to repair the motor of his automobile; that after the defendant completed the job the plaintiff paid him $85 for it and defendant delivered the car to the plaintiff; that then the plaintiff undertook to start the car out of defendant's shop and in the act of starting, the motor "went to pieces" and "became smashed."

Plaintiff then had the car repaired elsewhere and brought this suit to recover damages resulting to him by reason of what he alleges to be the negligent repair work of the defendant.

The first point is that the verdict was contrary to the weight of the evidence on the question of defendant's negligence.

Our examination of the case leads us to think that considering all of the testimony on both sides, much of it expert testimony, and more particularly considering the testimony to the effect that defendant used on the motor, in his attempt to repair it, a steel crowbar three and a half feet long and three-quarters of an inch thick, to pry off the old trimming chains, that there was presented a fair jury question and we cannot say that the verdict was contrary to the weight of the evidence.

The next point argued by the defendant is that the judge erred in refusing to grant a nonsuit. What we have said in respect to the former point disposes of this, in our judgment.

These are the only questions which we find argued.

The rule will be discharged.